Citation Nr: 1331549 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 07-20 315 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for glaucoma of the left eye, with cataract, based on central visual acuity.

2. Entitlement to a rating in excess of 10 percent for glaucoma of the left eye, with cataract, based on visual field loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The Veteran served on active duty from June 1975 to September 1995. 

This matter comes before the Board of Veterans' Appeals (Board) from a September 2006 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Veteran provided testimony at an August 2009 hearing before a Veterans Law Judge who is no longer employed by the Board. In May 2012 the Board wrote to the Veteran informing him that he could have another hearing if he wished. The Veteran did not respond and it is therefore found that the Veteran does not want another hearing. A transcript of the August 2009 hearing is of record. 

In May 2011 the Board remanded the Veteran's claim for entitlement to a rating in excess of 10 percent for glaucoma of the left eye with cataract. By rating action in April 2012 the RO granted the Veteran a separate 10 percent rating for visual field loss of the left eye as secondary to the service-connected glaucoma of the left eye, with cataract. The RO awarded the 10 percent rating, effective from March 1, 2006. Consequently, the Veteran's left eye claim is currently divided into two separate increased rating claims, one based on loss of central visual acuity and one based on loss of visual field. The issues are addressed as such above for the sake of clarity.

In a February 2013 decision, the Board remanded these issues for additional development.

A review of the Veteran's virtual VA folder reveals that all documents in that folder have already been considered by the RO in adjudicating the Veteran's claims.


The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

As noted above, the Board remanded these matters in February 2013 for further development. Specifically, the Board instructed the RO to associate with the Veteran's claims file the left eye Goldmann visual field charts available for each of the VA ophthalmological examinations the Veteran had been provided since February 2006. The Veteran's records were also to be sent to a specialist for a review in an attempt to reconcile previous VA and private opinions.

Per the February 2013 Board remand instructions, the RO/AMC accomplished these tasks as it obtained the available Goldmann visual field charts and the Veteran underwent a VA eye examination in June 2013. 

However, in its February 2013 remand, the Board also noted that it was unable to adjudicate the Veteran's claim for an increased rating for glaucoma of the left eye, with cataract, due to apparent clear and unmistakable error (CUE) in an April 3, 2012 rating decision.

The Board noted that the Veteran filed his claim for increased evaluation in March 2006 and the amended criteria for evaluating eye disabilities only applied to claims filed on or after December 10, 2008. As the Veteran's claim was filed before that date, the amended criteria were not applicable. Notably, the older, applicable criteria do not permit simultaneous evaluation for impaired visual acuity and loss of visual field. See 38 C.F.R. § 4.75 (2012); 38 C.F.R. §§ 4.75-4 .84a (1996).

The Board determined that the AMC failed to properly apply the governing regulations and criteria for these claims as it undertook to assign evaluations for both loss of visual acuity and loss of field of vision in the left eye, as is specifically prohibited by the criteria to be applied. 38 C.F.R. § 4.84a, Code 6013 (2008). The AMC also assigned a new 10 percent evaluation for the exact same manifestation, field loss, which has been compensated at 10 percent since at least 2003. A clearer case of prohibited pyramiding cannot be imagined. 38 C.F.R. § 4.14.

The Board noted that as the AMC had construed the issues in April 2012, the Veteran simply had no legal entitlement to all the benefits awarded. The Board determined that it could not begin to address the properly appealed evaluation issue or issues until they have been properly framed and identified. 

Accordingly, the Board instructed the RO to take corrective action to apply the correct schedular criteria and regulations, in effect prior to October 2008. This included discussion of the propriety of dual evaluations for multiple manifestations of the left eye disability, to include consideration of CUE.

While the AMC readjudicated the Veteran's claim in a July 2013 supplemental statement of the case (SSOC), the Board notes that the AMC did not take any corrective action regarding the schedular criteria and regulations, in effect prior to October 2008. The July 2013 SSOC also did not include of the propriety of dual evaluations for multiple manifestations of the left eye disability, to include consideration of CUE.

Accordingly, the action of the AMC/RO to include the issuance of the July 2013 SSOC did not comply with the Board's February 2013 instructions.

The Board is obligated by law to ensure that the RO complies with its directives, as well as those of the United States Court of Appeals for Veterans Claims (Court). The Court has stated that compliance by the Board or the RO is neither optional nor discretionary. Where the remand orders of the Board or the Court are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

Thus, this issue needs to be remanded in order to comply with the February 2013 remand directives.

Accordingly, the case is REMANDED for the following action:

1. The RO or the AMC should undertake appropriate development to obtain a copy of any outstanding records pertinent to the Veteran's claims.

2. The RO or the AMC also should undertake any other development it determines to be warranted.

3. The RO must take corrective action to apply the correct schedular criteria and regulations for evaluating eye disabilities, in effect prior to October 2008. This includes discussion of the propriety of dual evaluations for multiple manifestations of the left eye disability, to include consideration of CUE as discussed above.


The Veteran has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).


_________________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).